GLD-047                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1175
_____

SPENCER BOWENS,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01575)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2012

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed:  January 4, 2013)
_____

OPINION
_____

PER CURIAM

        Spencer Bowens appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28

U.S.C. § 2241.  For the following reasons, we will summarily affirm the judgment of the

District Court.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In September 1998, a jury in the United States District Court for the Eastern District of Virginia found Bowens guilty of conspiracy to possess and distribute crack cocaine, powder cocaine, and heroin; two counts of harboring a fugitive from arrest; and obstruction of justice.  The Pre-Sentence Report ("PSR") indicated that Bowens qualified as a career offender based on two New York state robbery convictions.  Bowens challenged that classification at sentencing.  The sentencing court rejected Bowens' argument, noting that the New York convictions were not related for purposes of the federal Sentencing Guidelines because the underlying robbery offenses were separated by an intervening arrest.  Bowens was sentenced to life imprisonment.

On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated Bowens' convictions for harboring a fugitive, but otherwise affirmed his convictions and sentence.  United States v. Bowens, 224 F.3d 302 (4th Cir. 2000).  In 2002, Bowens' filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied.  The Fourth Circuit denied Bowens' request for a certificate of appealabilty.  Thereafter, Bowens filed a motion pursuant to Federal Rule of Criminal Procedure 36 ("Clerical Error"), again alleging that he was improperly classified as a career offender based on the two New York robbery convictions.  The District Court denied relief, noting that it had already addressed Bowens' argument, which, in any event, was not properly brought pursuant to Rule 36.

In July 2010, Bowens filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, seeking to "challeng[e] the calculation of his criminal history

score under the federal Sentencing Guidelines in order to secure a more favorable custody classification." The Government filed a response. The District Court dismissed the petition, offering several separate justifications for rejecting Bowens' claim. First, the District Court held that Bowens' "challenge to his [Bureau of Prisons ("BOP")] custody classification is not properly pursued in a § 2241 petition" because it did not implicate the fact or duration of his sentence. Second, the District Court reasoned that, "[r]egardless of how [Bowens] labels his PSR[-]related claim, it clearly questions the legality of his federal sentence." Because Bowens failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy, the District Court held that his claim was not cognizable under § 2241. Finally, the District Court suggested that the Government had properly argued that Bowens' "pending action is deficient since he is attempting 'to rehash the same argument' that he previously unsuccessfully raised before the sentencing court." Bowens appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of District Court's legal conclusions is plenary and we apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). Although Bowens filed an "Application for Issuance of a Certificate of Appealability ["COA"], a COA is not required to appeal the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Nevertheless, we have considered the arguments raised in Bowens' Application.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, we allowed the petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which he had been convicted, and he had no earlier opportunity to challenge that conviction. Dorsainvil, 119 F. 3d at 251.

Bowens claims that he was improperly classified as a career offender because he did not have the requisite two "prior felony convictions." U.S.S.G. § § 4B1.1. Although Bowens was arrested and charged with robbery on two separate occasions, he asserts that one of those charges was later dismissed and that he was ultimately convicted of only one robbery count. This is not the rare situation rendering § 2255 inadequate or ineffective. Bowens has not been convicted of an offense that was later found to be noncriminal.

Instead, Bowens raises arguments concerning his career offender status that were raised at his sentencing proceeding, and that could have been pursued on direct appeal or in his § 2255 motion. That Bowens has already unsuccessfully pursued a § 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of that remedy. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.[1]

---

[1] Bowens' motion to proceed in forma pauperis and his motion to reopen the appeal are granted.